IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT R. LINT, JR.,                )
                                     )
            Plaintiff,               )
                                     )
    v.                               )
                                     ) Civil Action No. 07-131J
MICHAEL J. ASTRUE,                   )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
            Defendant.               )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 1st day of May, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his applications for DIB and SSI on June 7, 2004, alleging disability beginning May 28, 2002, due to migraine headaches, seizures with blackouts, dizziness and memory loss. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on August 24, 2006, at which plaintiff appeared represented by counsel. On October 25, 2006, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 36 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has a ninth grade education. Plaintiff has past relevant work experience as a security guard and in construction as a dry wall helper, but he has not engaged in substantial gainful activity at any time since

his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairment of post concussive disorder, that impairment does not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at any exertional level, but he must avoid work that involves climbing ladders, ropes or scaffolds, as well as work that involves unprotected heights (collectively, the "RFC Finding"). In consideration of the RFC Finding and based on the vocational expert's testimony, the ALJ determined that plaintiff could perform his past relevant work as a security guard. The ALJ further concluded, based upon the vocational expert's testimony, that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as an institutional cleaner, stock/material mover, electronics worker, car washer or semi-conductor bonder. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in

substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 4 and 5 of the sequential evaluation process. At step 4, the issue is whether plaintiff's residual functional capacity permits him to perform his past relevant work. 20 C.F.R. §§404.1520(f), 416.920(f). At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 414.945(a)(4).

Here, plaintiff argues that the ALJ erred at steps 4 and 5 because: (1) he failed to consider all of plaintiff's severe and non-severe impairments in combination in making the RFC Finding; (2) he gave inadequate weight to the opinion of plaintiff's psychiatric treatment team from Indiana Community Guidance Center ("ICGC"); and (3) the hypothetical question to the vocational expert was defective. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ failed to consider all

AO 72
(Rev. 8/82)

of plaintiff's severe and non-severe impairments in combination in making the RFC Finding. Plaintiff's argument is incorrect. The ALJ found plaintiff suffered from the severe impairment of post-concussive disorder and noted that plaintiff's non-severe impairments included headaches, ankle, knee and hip pain, and a mood disorder. (R. 16). Further, the ALJ specifically stated that he considered all of plaintiff's limitations resulting from both his severe and non-severe impairments singly and in combination in determining whether plaintiff was entitled to disability benefits, (R. 17), and the ALJ's thorough analysis and discussion of the evidence indicates that to be accurate. (See R. 17-22). Accordingly, plaintiff's argument to the contrary lacks merit.[1]

Plaintiff next claims that the ALJ gave inadequate weight to the opinion of plaintiff's psychiatric treatment team from ICGC. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory

---

[1] Plaintiff's related argument that the RFC Finding is not supported by substantial evidence because the ALJ did not perform a function by function assessment of plaintiff's physical ability to perform work as required by Social Security Ruling 96-8p likewise lacks merit. After thoroughly reviewing the medical evidence in this case (R. 19-22), the ALJ found that plaintiff did not have any exertional limitations that would prevent him from performing the physical demands of work. The ALJ then identified specified limitations affecting plaintiff's residual functional capacity based on his non-exertional limitations and included those in the RFC Finding. The court concludes that the ALJ properly assessed plaintiff's residual functional capacity as required by the regulations.

diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the opinion expressed by ICGC treatment team members was not entitled to controlling weight.

Plaintiff contends that the ALJ gave inadequate weight to the assessment contained in ICGC reports that he was unable to meet competitive standards in the areas of attendance at work, working with others and performing at a consistent pace. First, the assessment of plaintiff's ability to perform various work-related activities was set forth on a check-the-box form without supporting explanation. However, despite the limitations plaintiff points out, the remainder of the assessment indicates that while plaintiff may be limited in certain areas, he is not precluded from performing work. (R. 232-33). Indeed, no one on plaintiff's ICGC treatment team specifically stated that he was unable to work.

Furthermore, other medical evidence of record contradicts plaintiff's suggestion that ICGC reports establish he is disabled. Objective tests showed a normal MRI and a normal CT examination of plaintiff's brain. (R. 118, 134). Plaintiff's primary care physician concluded his neurologic examinations were normal. (R. 141, 144, 148). In addition, the consultative examiner found that plaintiff was only slightly limited in his ability to understand, remember and carry out instructions, make simple work-related decisions, interact appropriately with the public, co-workers and

supervisors and respond to work pressure and changes at work. (R. 168). For all of these reasons, the courts finds that the ALJ correctly assessed and weighed the opinion of plaintiff's psychiatric treatment team from ICGC.

Plaintiff's final argument is that the ALJ's hypothetical question to the vocational expert was defective because it included reference to the ALJ's RFC Finding, which plaintiff asserts was flawed. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987).

Contrary to plaintiff's assertion, and as already discussed above, the ALJ's RFC Finding is supported by substantial evidence. Therefore, the ALJ properly included the RFC Finding in his hypothetical question to the vocational expert, and the hypothetical otherwise fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform his past work as a security guard, as well as other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
 131 Market Street
 Suite 200
 Johnstown, PA 15901

 John J. Valkovci, Jr.
 Assistant U.S. Attorney
 319 Washington Street
 Room 224, Penn Traffic Building
 Johnstown, PA 15901